UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OCTAVIO GONZALEZ, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-644 |
| WARDEN, | |
| Respondent. | |

**OPINION AND ORDER**

Octavio Gonzalez, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISR-23-10-1221) at the Pendleton Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon under Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. Gonzalez filed a Petition for Writ of Habeas Corpus [DE 2] on August 1, 2024. Respondent Warden filed a Motion to Dismiss [DE 10] on January 14, 2025.

In the motion to dismiss, the Warden argues that Gonzalez cannot proceed on his habeas petition because he did not exhaust his administrative remedies. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. §

2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Under the applicable departmental policy, inmates may appeal disciplinary decisions to the Warden or a facility designee. [DE 10-4 at 53-55]. If inmates are not satisfied with the results of the first appeal, they may submit a second appeal to the Appeal Review Officer designated by department commissioner. *Id.* According to the affidavit of an Appeal Review Officer, the electronic database maintained by the Indiana Department of Correction reflects that Gonzalez did not submit a second appeal to the Appeal Review Officer in connection with the disciplinary decision that is the subject of this case. [DE 10-3].

The Warden acknowledges the allegations in the petition that Gonzalez appealed the disciplinary decision to the "Final Reviewing Authority" but contends that Gonzalez mistakenly used that term to reference his facility-level appeal. Careful review of the petition and the attached exhibits persuades the court that the Warden's assessment is correct. Specifically, in the petition, Gonzalez states that on February 13, 2024, the "Final Reviewing Authority" replied to his appeal by stating, "Cell inspection couldn't be located from eight months ago." [DE 2 at 2]. He also attached a copy of the response to the facility-level appeal, dated February 13, 2024, which contains the quoted statement. [DE 2-1 at 1]. In the petition, he also represents that he attached a letter from the "Final Reviewing Authority," but no correspondence from the Appeal Review Officer is attached, nor is there any other exhibit suggesting that he submitted an appeal at the departmental level. [DE 2 at 2; DE 2-1]. Consequently, the court finds that the

2

references in the petition to "Final Reviewing Authority" pertain to the Warden's designee rather than the Appeal Review Officer.

Based on the foregoing, the court finds that the administrative appeal process was available to Gonzalez but that he did not complete it. Consequently, the claims in the petition are procedurally defaulted, and Gonzalez offers no basis to excuse the procedural default. On this basis, the motion to dismiss is granted.

If Gonzalez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) **GRANTS** the motion to dismiss [DE 10];

(2) **DIRECTS** the clerk to enter judgment and close this case; and

(3) **DENIES** Octavio Gonazlez leave to proceed in forma pauperis on appeal.

ENTERED this 24th day of March, 2025.

/s/ Andrew P. Rodovich  
United States Magistrate Judge